**Mary Ann GONZALES et vir, Appellants,**

v.

**LUBBOCK STATE SCHOOL, Appellee.**

**No. 8302.**

Court of Civil Appeals of Texas, Amarillo.

Oct. 30, 1972.

**816** ◼ ▬▬▬▬▬▬▬▬▬▬▬▬▬▬

Bobby D. Allen, Lubbock, for appellants.

Crawford C. Martin, Atty. Gen., Robert W. Gauss, Austin, for appellee.

REYNOLDS, Justice.

Plaintiffs' suit, seeking to establish liability against the defendant governmental employer pursuant to the Texas Tort Claims Act[1] for personal injuries received in the course of employment, was summarily dismissed on summary judgment motion for failure to state a cause of action. Appeal is predicated on the point of error that summary judgment was erroneous because the petition stated a cause of action under the Act. Affirmed.

The suit was brought by Mary Ann Gonzales, hereinafter referred to as plaintiff, and her husband, Paul Gonzales. The petition alleged that plaintiff, an employee of defendant Lubbock State School, a facility of the Texas Department of Mental Health and Retardation, suffered injury when she fell after slipping on sheets negligently left on the floor of defendant's premises, in violation of work rules, by its minor, wheelchair patient-employee. The general allegation was that the injuries were proximately caused by defendant's negligence in employing and using the services of an incapable fellow employee. Specifically, defendant was accused of proximately causing the injuries through negligence in (1) hiring a mentally and physically incapable patient-employee who negligently placed and left the sheets on the floor, (2) failing to provide plaintiff a safe place to work, (3) failing to maintain adequate supervision over the patient-employee to prevent the placing of the sheets on the floor, and (4) failing to have a sufficient number of qualified employees.

The Act waives governmental function immunity to a limited extent[2] for all units of government and grants consent to sue for money damages for personal injury or death. Section 3 of the Act creates the liability and, paraphrased as plaintiff contends it applies to her, provides: Each unit of government in the state shall be liable for money damages for personal injuries when proximately caused by the negligence or wrongful act or omission of any officer or employee acting within the scope of his employment or office arising from some condition or some use of tangible property, real or personal, under circumstances where such unit of government, if a private person, would be liable to the claimant in accordance with the law of this state.

Under the point of error, plaintiff's brief disclaims this suit as a "premise defects" case, but maintains that a liberal interpretation of the Act as required by Section 13 shows the pleadings, setting forth the negligent allegations numbered (1), (2) and (3) above, to state a cause of action against the defendant unit of government under Section 3 of the Act. We disagree.

---

1. Tex.Rev.Civ.Stat.Ann. art. 6252–19 (1970), as amended 1971, herein referred to as the Act.

2. The waiver of immunity is limited to three general areas; viz., for negligence or wrongful act or omission of any officer or employee acting within the scope of his employment or office arising from operation or use of publicly owned automobiles, premise defects, and some condition or some use of tangible property, real or personal. University of Texas: Greenhill and Murto, Governmental Immunity, 49 Texas L.Rev. 462, 468 (1971).

Liberal interpretation of the Act's provisions is authorized, but that authority does not permit, much less sanction, the court to engraft liability beyond that limited by the very Act imposing the liability. We will assume, as plaintiff argues, that the petition is sufficient to state a cause of action against a private employer. Nevertheless, it is readily apparent that neither the general allegation of negligence in hiring and using the services of an incapable employee, nor the specific allegations of negligence in (1) hiring an incapable employee who negligently performed, or (3) failing to maintain adequate supervision to prevent negligent performance, are such declarations of "negligence . . . arising from some condition or some use of tangible property, real or personal," for which liability is created by the Act against a unit of government. There is no assertion that these acts, alleged to be negligence, are the result of some negligence or some wrongful act or omission on the part of the defendant in the execution of any formulated personnel policy for which defendant might be liable.[3] The same result is reached in considering the specific allegation number (4) of negligence in failing to have a sufficient number of qualified employees, although this averment is not pursued in this appeal.

There remains, then, the question of whether the allegation number (2) of negligence in failing to provide plaintiff a safe place to work is an allegation of negligence arising from some condition or some use of tangible property, real or personal, embraced within the Act. Obviously, any place where an accident occurs is not a safe place to work at that instant; but, the legal significance of, and the duty of an employer to provide, a safe place to work is confined to the construction, physical condition and equipment of the premises, and does not pertain to the negligent acts of fellow employees in the operation or conduct of business in the use of the premises. Galveston, H. & S. A. Ry. Co. v. Waldo, 119 Tex. 377, 29 S.W.2d 323 (Tex.Com. App.1930, opinion adopted); Coca-Cola Co. v. Williams, 209 S.W. 396 (Tex.Com.App. 1919, opinion adopted). The alleged negligent act of the fellow patient-employee in leaving the sheets on the floor has no reference to the construction, physical condition or equipment of the premises, but is directed only to the use of the premises, and does not constitute an allegation of premise defect. In fact, plaintiff disclaimed any intent to allege a premise defect. Furthermore, in the absence of an allegation that defendant knew, or should have known, of the sheets on the floor in time to abate an unsafe condition, the question of negligence is not even reached. It follows that this latter allegation does not state a cause of action within the scope of the Act.

None of plaintiff's allegations bring her claim within any one of the three general areas in which immunity to liability has been waived by the Act and, therefore, plaintiff's petition fails to state a cause of action against the defendant unit of government. When a plaintiff fails to allege the necessary facts which, if proved, would establish liability, a cause of action is not stated, and summary judgment rendered on the deficient pleadings is proper. See Hidalgo v. Surety Savings and Loan Association, 462 S.W.2d 540 (Tex.Sup. 1971) note 1, page 543.

The summary judgment of the trial court is affirmed.

---

3. *Id.* at 472.