**In re Michael COPELAND.**

No. 06–00–00159–CV.

Court of Appeals of Texas, Texarkana.

Submitted Jan. 18, 2001.

Decided May 15, 2001.

Rex A. Nichols Jr., Nichols & Nichols, PC, Longview, for relator.

Michael E. Starr, McGee, Hommel & Starr, PC, Tyler, Douglas C. Bracken, Thomas L. Case & Associates, Dallas, Gary D. Sarles, Sarles & Ouimet, Dallas, for real parties in interest.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

Opinion by Justice GRANT.

Michael Copeland has filed a petition asking this court to issue a writ of mandamus ordering the district judge to vacate or rescind his order compelling arbitration with Stanley Transportation, Inc. (Stanley).

In the underlying action, Copeland signed an agreement with his employer to arbitrate any tort action that he might subsequently have as a result of his employment. The arbitration agreement is a part of a larger document entitled "Stanley Transportation, Inc. Employee Injury Benefit Plan" (Plan).

Copeland was injured in a work-related accident. He filed suit against Stanley

alleging negligence in the operation of an eighteen-wheeler by Stephen Sandefur, an agent and employee of Stanley, causing personal injury to Copeland. Copeland further alleges that Stanley was not a subscriber to Texas Workers' Compensation. Stanley responded by stating that the arbitration provision controlled any application of the Plan and filed a Motion to Compel Arbitration with an affidavit attached.

At oral argument before this court, relator argued that this was a contract of adhesion, that the contract was not valid, and that the contract was against public policy. However, the only issue presented to the court of appeals in the mandamus reads as follows:

> Did the trial court abuse its discretion by compelling arbitration in this case based upon an erroneous interpretation of Texas law that the subject "Plan" provided benefits that were equal to or greater than those required under the Texas Workers' Compensation Act?

■ In the recent Texas Supreme Court decision *Lawrence v. CDB Servs., Inc.,* 44 S.W.3d 544 (Tex.2001), the Supreme Court negates the requirements set up by a number of courts of appeals that for an alternate plan to contravene the worker's compensation scheme, the plan would have to provide the employees with the equivalent statutory benefits. The Supreme Court held that engaging in such a qualitative, plan-by-plan evaluation is ill-advised and can only be done by the Legislature. The Court held in *Lawrence* that an employer could *voluntarily* elect to participate in the employer's benefit plan regardless wheth-

er it was comparable to worker's compensation benefits. Thus, the trial court's finding in the present case that the plan was equal or greater than those required in the Texas Workers' Compensation Act was an irrelevant holding.[1]

This court recognizes that the law in this area is in a state of flux and that the significant controlling case (the *Lawrence* opinion) was not decided until after the trial court had acted in this case.

The Supreme Court in *Lawrence* also holds that such a waiver of benefits under the Worker's Compensation Act is valid and is not in violation of public policy.

■ In the present case, the trial court addressed the issue on whether to compel arbitration. Before a court can compel arbitration, however, the trial court must decide two issues: (1) whether a valid, enforceable arbitration agreement exists, and (2) if so, whether the claims asserted fall within the scope of the agreement. *BDO Seidman v. Miller,* 949 S.W.2d 858, 860 (Tex.App.—Austin 1997, writ dism'd w.o.j.); *Nationwide of Fort Worth v. Wigington,* 945 S.W.2d 883, 884 (Tex.App.—Waco 1997, writ dism'd w.o.j.).

■ Contentions have also been made that the Federal Arbitration Act requires arbitration when interstate commerce is involved and there is an agreement to arbitrate. It is undisputed that the trucking enterprise by which Copeland was employed was involved in interstate commerce. However, Article 9, Section 2 of the Arbitration Act[2] provides that the requirement to submit to arbitration arising out of such a contract shall be valid, irre-

---

**1.** In a letter ruling, the trial judge stated that he was denying the Plaintiff's Motion to Reconsider, stating the following: "After considering the evidence presented at the June 23rd hearing, and the additional cases provided by both parties, I am persuaded that the benefits under the plan are not substantially less than the benefits under the Texas Workers' Com-

pensation Act. Accordingly, the plan does not violate public policy."

**2.** The recent United States Supreme Court case of *Circuit City Stores, Inc. v. Adams,* —— U.S. ——, 121 S.Ct.1302, 149 L.Ed.2d 234 (2001), discusses the preemption of state em-

vocable, and enforceable, *save upon such grounds as exist at law or in equity for the revocation of any contract.* 9 U.S.C.A. § 2 (West 1999). The determination of whether the parties have agreed to arbitrate is made *under state law.* While the Federal Arbitration Act preempts state law which treats arbitration agreements differently from any other contract, it also preserves general principles of state contract law on whether parties have entered into a valid contract to arbitrate. *Progressive Cas. Ins. Co. v. C.A. Reaseguradora Nacional De Venezuela,* 991 F.2d 42 (2d Cir.1993).

The Petition for Writ of Mandamus before us asked only for a determination on whether the trial court erred in referring this case to arbitration based on an erroneous interpretation of the law that the Plan in this case provided benefits that were equal to or greater than those required under the Texas Workers' Compensation Act. Because the Texas Supreme Court has determined this is not a relevant issue and there is no showing that this was the sole basis for the trial court's ruling, the Petition for Writ of Mandamus is denied.

ployment laws restricting the use of arbitra-   tion agreements.