NO. 07-00-0269-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JULY 12, 2001

_____

AMR ALASHMAWI, APPELLANT

V.

IBP, INC., APPELLEE

_____

FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;

NO. 85,846-D; HONORABLE DON EMERSON, JUDGE

_____

Before QUINN and REAVIS and JOHNSON, JJ.

By this appeal, appellant Amr Alashmawi challenges the trial court's order granting summary judgment that he take nothing against appellee IBP, Inc. on his common law cause of action for personal injuries sustained by him while in the course and scope of his employment with IBP and his action for breach of contract. In connection with his general

issue,[1] Alashmawi presents seven sub-issues, to wit: 1) whether there is more than a scintilla of evidence raising a genuine issue of material fact on all challenged elements of his claim for negligence, and 2) on all challenged elements of his contract defenses of fraud, duress, undue influence, and lack of capacity; 3) whether IBP established as a matter of law all essential elements of its affirmative defenses of waiver, election, release, and Workplace Injury Settlement Program-Texas[2] (WISP) dispute-resolution and administrative-remedies provisions; 4) whether IBP established as a matter of law all essential elements of its affirmative defenses of ratification, estoppel, and lack of due diligence; 5) whether there is more than a scintilla of evidence raising a genuine issue of material fact on all challenged elements of his section 32.46 claim; 6) whether IBP established as a matter of law that his state law claims and contract defenses are preempted by ERISA;[3] and 7) whether the trial court had jurisdiction over his alternative claim for breach of contract. Based upon the rationale expressed herein, we reverse and remand in part and affirm in part.

IBP did not provide workers' compensation insurance coverage and elected to become a non-subscriber. Tex. Lab. Code Ann. § 406.002 (Vernon 1996). Instead, IBP

---

[1]*See* Malooly Brothers, Inc. v. Napier, 461 S.W.2d 119, 121 (Tex. 1970).

[2]Effective February 1, 1991 (republished May 1, 1995, as amended).

[3]Employee Retirement Income Security Program, 29 U.S.C. §§ 1001-1461 (West 1999).

established WISP, which provides benefits summarized in part as follows:

PREAMBLE

The IBP Workplace Injury Settlement Program - Texas is an employee welfare benefit program offered by IBP to its Texas employees (and to those of its subsidiaries doing business in Texas) to provide certain payments for damages resulting from work related personal injuries. This ERISA program (Exhibit B) is designed to provide such employees with benefits that are equivalent to — and in many ways superior to — those provided by Texas Workers' Compensation, to which IBP does not subscribe.

Beyond serving as an alternative to Workers' Compensation for Texas employees, the Program is part of an overall Occupational Health and Safety program aimed at enhancing the quality of employment at IBP through improved employee health, increased productivity, reduced absenteeism as well as turnover and improved employee relations. The Program contributes to these aims by its availability, superior benefits, understandability and caring in-house administration.

By accepting the Program, an employee settles his or her negligence claim with the Company and waives any right of action at common law or under any statute to recover damages for personal injuries, or death, sustained in the course and scope of employment. The Program provides that any dispute relating to the Program shall be resolved by binding arbitration.

Because this is an appeal from a summary judgment only the facts necessary for our analysis will be presented. Alashmawi worked in a laboratory at IBP and sustained burns and injuries when a bottle of nitric acid broke. After sustaining the injuries, Alashmawi read the 30-plus page WISP plan and signed the acceptance and waiver. According to the plan, Alashmawi's voluntary participation began when he signed the post-injury waiver. In exchange for being able to participate in the no-fault program, an injured

3

employee agrees not to bring a civil action against IBP. The waiver signed by Alashmawi provided:

> I have been injured at work and want to apply for payments offered by IBP to me under its Workplace Injury Settlement Program. To qualify, I understand I must accept the rules of the Program. I have been given a copy of the Program Summary. I accept the Program.

> I understand I am giving up the right to sue the Company and perhaps others because of my injury. I understand that the Company would not be able to use certain common law defenses against me, but that the Company would never pay anything until a court decided that the Company caused my injury since the Company does not provide benefits under the Texas Workers' Compensation laws. I am giving up any right I or any family member have to sue either the Company or anyone for whom the Company is responsible in exchange for being able to participate in the Program.

After Alashmawi received some medical care and benefits under WISP, and notwithstanding his execution of the acceptance and waiver, approximately six months later, he filed suit against IBP seeking to recover for his personal injuries at common law, and among other things, seeking to set aside his execution of the waiver on common law grounds of fraud, duress, and undue influence.[4] *See* Lambert v. Affiliated Foods, Inc., 20 S.W.3d 1 (Tex.App.--Amarillo 1999), *aff'd*, 44 Tex. Sup. Ct. J. 555, 2001 WL 299542 (March 29, 2001). After IBP's first motion for summary judgment was denied, Alashmawi

---

[4]By his original petition, Alashmawi (a) alleged negligence against IBP, (b) alleged negligence, per se, (c) sought a declaratory judgment regarding the validity of the signed acceptance and waiver, (d) alleged rescission of the acceptance and waiver on the basis of duress, undue influence, fraud, and lack of capacity, and (e) sought punitive damages.

4

filed his third amended petition, reasserting his original claims and also contending for the first time that (1) by having him execute the acceptance and waiver, IBP violated section 32.46 of the Texas Penal Code, thereby vitiating the applicability of the cap as to punitive damages, and also alleged (2) that the consideration for the acceptance and waiver failed, at least in part. This amended pleading prompted IBP to file its second motion for summary judgment.

After referencing Alashmawi's new claims that section 32.46 of the Penal Code applied to vitiate the cap on punitive damages and alleging failure of consideration for the acceptance and waiver, in whole or part, by paragraph 4 of its second motion, IBP asserted:

> 4. IBP has filed this Motion for *Partial* Summary Judgment because, *as to these new claims of Plaintiff,* there exists no genuine issue of any material fact. Furthermore, these new claims further illustrate the applicability of Defendant's previously plead defenses that Plaintiff failed to exhaust the available administrative remedies under IBP's ERISA governed Workplace Injury Settlement Program, and that Plaintiff's claims are preempted by ERISA.

(Emphasis added). IBP concluded its second motion requesting that the trial court grant summary judgment:

♦ as to Plaintiff's claims under § 32.46 of the Texas Penal Code,

♦ in the alternative as to all of Plaintiff's claims for failure to exhaust his administrative remedies under the WISP,

5

♦ in the alternative, as to all of Plaintiff's claims on the basis of ERISA preemption.

Despite the language in IBP's motion for partial summary judgment, the trial court's order recites that it reconsidered the first motion for summary judgment together with the second motion and "is of the opinion that the Motions for Summary Judgment should be granted as to all claims asserted by Plaintiff."[5] Following the Supreme Court's most recent opinion addressing finality of summary judgments, we have jurisdiction to consider this appeal. Lehmann v. Har-Con Corp., 39 S.W.3d 191 (Tex. 2001). Thus, we proceed with our analysis and consider only such theories in support of or in opposition to the motions which were presented in writing and considered by the trial court. Travis v. City of Mesquite, 830 S.W.2d 94, 99-100 (Tex 1992); Casso v. Brand, 776 S.W.2d 551, 553 (Tex. 1989). Because IBP's motions presented combination traditional and no-evidence motions for summary judgment, we will discuss the appropriate standards of review; but first, we must determine which law controls for purposes of our review.

ERISA: What Law Controls

We begin our analysis by considering sub-issue six, by which Alashmawi contends

---

[5]Except for his responses in opposition to IBP's motions for summary judgment, Alashmawi did not present any exceptions or objections to IBP's motions for summary judgment to the trial court in writing and does not present any issue here regarding the trial court's reconsideration of IBP's first summary judgment after he had amended his pleadings.

that IBP did not establish as a matter of law that his state law claims and contract defenses were preempted by ERISA. We agree. ERISA was enacted in 1974 as a comprehensive statute designed to promote the interest of employees and their beneficiaries in employment benefit plans. Shaw v. Delta Airlines, Inc., 463 U.S. 85, 90, 103 S.Ct. 2890, 2896, 77 L.Ed.2d 490 (1983). Among other things, it imposes participating, funding, and vesting requirements on pension plans and sets various uniform standards, including rules concerning reporting disclosure and fiduciary responsibility for both pension and welfare plans. Congress also provided that a participant or beneficiary of a plan may bring a civil action to enforce an ERISA plan, 29 U.S.C. § 1132, and an action filed in state court may be removed to federal court under 28 U.S.C. § 1446. Hook v. Morrison Milling Co., 38 F.3d 776, 779 (5th Cir. 1994). Although ERISA preemption was not raised in Martinez v. IBP, Inc., 961 S.W.2d 678 (Tex.App.--Amarillo 1998, pet. denied), and IBP did not seek to remove this proceeding to federal court, IBP now contends that Alashmawi's claims designated above are preempted by 29 U.S.C. § 1144(a) which provides:

> § 1144. Other laws.
>
> (a) Supersedure; effective date
>
> Except as provided in subsection (b) of this section the provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b) of this title. This section shall take effect on January 1, 1975.

IBP argues that ERISA preempts all claims including Alashmawi's claims of fraud, duress, and declaratory judgment relief because all such claims "relate to" WISP.

Because the question of preemption of Texas law is a question of ascertaining the intention of Congress and presents a question of federal law, we first consider cases from the Fifth Circuit. Ingersoll-Rand Co. v. McClendon, 498 U.S. 133, 111 S. Ct. 478, 482, 112 L.Ed.2d 474 (1990). In *Hook*, the court held that Hook's unsafe workplace claim was "totally independent from the existence and administration of" the ERISA plan. 38 F.3d at 784. Although the court was of the opinion that a breach of contract claim was "clearly preempted because it was a claim for benefits," it also held that the claim for negligent misrepresentation was not preempted "because it neither sought benefits under the plan nor alleged improper processing of benefits." *Id.* A few months after the decision in *Hook*, the court again held that an employee's common law occupational injury claim did not relate to an employer's ERISA plan. Texas Health Enterprises, Inc. v. Reece, 44 F.3d 243, 245 (5th Cir. 1994). Then, in Smith v. Texas Children's Hosp., 84 F.3d 152,155 (5th Cir. 1996), the court held that even though ERISA preempted Smith's claim for benefits, her fraudulent-inducement claim was not based solely upon the ERISA plan and the preemption statute did not apply.

The parties do not cite any decision by the Texas Supreme Court deciding this question of ERISA preemption; however, in Gorman v. Life Ins. Co. of North America, 811 S.W.2d 542 (Tex. 1991), the Court discusses some of the aspects of ERISA preemption

8

and the concurrent jurisdiction of certain claims among state and federal courts. Two decisions by sister courts of appeal are consistent with the three decisions of the Fifth Circuit Court. Beverly Enterprises v. Leath, 829 S.W.2d 382 (Tex.App.--Waco 1992, no pet.); Keifer v. Spring Shadows Glen, 934 S.W.2d 785 (Tex.App.--Houston [1st Dist.] 1996, writ denied). In *Beverly*, Leath sued her non-subscriber former employer for personal injuries sustained in a work-related injury and recovered an award for actual and punitive damages. 829 S.W.2d at 384. In denying the employer's contention that Leath's claim was preempted by ERISA, the court held that the action by the former employee for common law rights did not "relate to" any ERISA plan. *Id.* at 384-85. Four years later, in *Keifer*, the court cited *Hook* and reversed a summary judgment in favor of a non-subscriber employer and held that a common law negligence suit against an employer does not "relate to" the employer's ERISA plan. 934 S.W.2d at 787-88. Similar to decisions holding that whether the parties contracted to arbitrate is controlled by state contract law, we also conclude that section 1144(a) does not preempt Alashmawi's common law negligence suit against IBP. *See* In Re Copeland, No. 06-00-00159-CV, 2001 Tex.App. LEXIS 3119, at *4-5 (Tex.App.–Texarkana May 15, 2001, no pet. h.); Progressive Cas. v. C.A. Reaseguradora Nacional, 991 F.2d 42, 46 (2nd Cir. 1993). Sub-issue six is sustained. Having determined that Texas law is controlling, we set forth the appropriate standards of review for summary judgments.

STANDARDS OF REVIEW

9

## Traditional Motion

In reviewing a summary judgment, this Court must apply the standards established in Nixon v. Mr. Property Management, 690 S.W.2d 546, 548-49 (Tex. 1985), which are:

1. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.

2. In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true.

3. Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor.

For a party to prevail on a motion for summary judgment, he must conclusively establish the absence of any genuine question of material fact and that he is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c). A movant must either prove all essential elements of his claim, MMP, Ltd. v. Jones, 710 S.W.2d 59 (Tex. 1986), or negate at least one essential element of the non-movant's cause of action. Randall's Food Markets, Inc. v. Johnson, 891 S.W.2d 640, 644 (Tex. 1995). Once the movant has established a right to summary judgment, the non-movant has the burden to respond to the motion for summary judgment and present to the trial court any issues that would preclude summary judgment. City of Houston v. Clear Creek Basin Authority, 589 S.W.2d 671, 678 (Tex. 1979); Barbouti v. Hearst Corp., 927 S.W.2d 37, 64 (Tex.App.--Houston [1st Dist.] 1996, writ denied). Issues which the non-movant contends preclude the granting of a

10

summary judgment must be expressly presented to the trial court by written answer or other written response to the motion and not by mere reference to summary judgment evidence. McConnell v. Southside School Dist., 858 S.W.2d 337, 341 (Tex. 1993). Issues not expressly presented to the trial court in writing shall not be considered on appeal as grounds for reversal. Tex. R. Civ. P. 166a(c). Further, all theories in support of or in opposition to a motion for summary judgment must be presented in writing to the trial court. Casso v. Brand, 776 S.W.2d 551, 553 (Tex. 1989). When a summary judgment does not specify or state the grounds relied on, the summary judgment will be affirmed on appeal if any of the grounds presented in the motion are meritorious. Carr v. Brasher, 776 S.W.2d 567, 569 (Tex. 1989); Insurance Co. Of N. Am. v. Security Ins., 790 S.W.2d 407, 410 (Tex.App.--Houston [1st Dist.] 1990, no writ).

No-Evidence Motion

Where a motion is presented under Rule 166a(i) asserting there is no evidence of one or more essential elements of the non-movant's claims upon which the non-movant would have the burden of proof at trial, the movant does not bear the burden of establishing each element of its own claim or defense as under subparagraph (a) or (b). Rather, although the non-moving party is not required to marshal its proof, it must present evidence that raises a genuine fact issue on the challenged elements. *See* Tex. R. Civ. P. 166a, Notes and Comments; Roth v. FFP Operating Partners, 994 S.W.2d 190,195 (Tex.App.--Amarillo 1999, pet. denied).

11

Because a no-evidence summary judgment is essentially a pretrial directed verdict, we apply the same legal sufficiency standard in reviewing a no-evidence summary judgment as we apply in reviewing a directed verdict. Jackson v. Fiesta Mart, Inc., 979 S.W.2d 68, 70 (Tex.App.--Austin 1998, no pet.). Thus, our task as an appellate court is to ascertain whether the non-movant produced any evidence of probative force to raise a fact issue on the material questions presented. *Id.* We consider all the evidence in the light most favorable to the party against whom the no-evidence summary judgment was rendered, disregarding all contrary evidence and inferences. Merrill Dow Pharmaceuticals v. Havner, 953 S.W.2d 706, 711 (Tex. 1997), *cert. denied*, 523 U.S. 1119, 118 S.Ct. 1799, 140 L.Ed.2d 939 (1998). A no-evidence summary judgment is improperly granted if the non-movant presents more than a scintilla of probative evidence to raise a genuine issue of material fact. *Fiesta Mart, Inc.*, 979 S.W.2d at 70-71. More than a scintilla of evidence exists when the evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Havner*, 953 S.W.2d at 711.

## Negligence Claims

Next, we consider Alashmawi's first sub-issue, by which he contends there was more than a scintilla of evidence raising a genuine issue of material fact on all challenged elements of his claim for negligence. We disagree. By his live pleading, Alashmawi asserted that he was attempting to record the date a shipment of acid was received on a

12

bottle when the bottle imploded and caused acid to spill and burn him. By his pleadings, without referencing any statutes, he alleged that:

> IBP owed a *legal duty* to . . . provide him with a *safe workplace . . . .* IBP breached *that duty . . .* in many ways . . . .

(Emphasis added).[6]

The first motion for summary judgment of IBP was a combination traditional and no-evidence motion.[7] Under its "No-Evidence Motion" topic, and as material to this issue, IBP alleged that it was entitled to summary judgment on Alashmawi's negligence claims because there was no evidence that:

> a. any negligent act or omission on the part of IBP proximately caused any of Plaintiffs' [sic] alleged injuries.
>
> b. IBP was negligent in furnishing a workplace with conditions known to cause, or to be associated with such injuries.
>
> c. IBP breached any duty owing to Plaintiff, thereby causing Plaintiff's injuries.

---

[6](a) failure to train, (b) using uncoated bottles, (c) failing to warn, (d) failing to provide safety equipment, (e) failing to install devices and safeguards, (f) failing to hold adequate safety meetings, (g) failing to render proper aid, (h) failing to comply with statutes for workplace safety, (i) failure to comply with OSHA and ANSI, and (j) failure to provide safe workplace.

[7]In Grant v. Southwestern Elec. Power Co., 20 S.W.3d 764, 768 n.1 (Tex.App.–Texarkana 2000, no pet.), the court noted that although the rules do not prohibit a combination traditional and no-evidence motion for summary judgment, the better practice is to file separate motions.

d. The conduct of IBP caused an event <u>and</u> that this event caused Plaintiffs [sic] to suffer injury or injuries for which he now sues.

e. IBP did, in fact, cause Plaintiffs' [sic] injuries.

Although Alashmawi did not allege any statutory grounds for his action, on appeal he attempts to expand his contentions by asserting that section 411.103 of the Texas Labor Code Annotated (Vernon 1996) created multiple duties. However, the issues at trial are defined by the pleadings and a party relying upon a statutory duty in a negligence suit should plead the statute. Murray v. O & A Express, Inc., 630 S.W.2d 633, 636 (Tex. 1982); *see also* Ely v. General Motors Corp., 927 S.W.2d 774, 782 (Tex. App.--Texarkana 1996, writ denied) (holding that because the non-movant did not "plead or cite any facts or law giving rise to a fiduciary duty," the trial court did not err in granting summary judgment). Accordingly, we do not consider section 411.103 of the Texas Labor Code in our analysis.

In Werner v. Colwell, 909 S.W.2d 866, 869 (Tex. 1995), the Court recognized that although an employer is not an insurer of the safety of its employees at work, the employer does have a duty to use ordinary care in providing a safe workplace. Under former article 5182a, section 3,[8] the duty to provide a safe place to work was confined to the construction, physical condition, and equipment of the premises, but did not cover injuries caused by acts of fellow employees. Horton v. Montgomery Ward & Co., Inc., 827 S.W.2d

---

[8]*See* Act of May 27, 1985, 69th Leg., R.S., ch. 931, art. 11, § 1 1985 Tex. Gen. Laws 3150, *repealed by*, Act of April 25, 1995, 74th Leg., R.S., ch. 76, § 9.54(c) 1995 Tex. Gen. Laws 656, 657.

14

361, 370 (Tex.App.--San Antonio 1992, pet. denied); *see also* Gonzales v. Lubbock State School, 487 S.W.2d 815, 817 (Tex.Civ.App.--Amarillo 1972, no writ).  Also, this Court has held that the existence of an unsafe workplace may not be presumed from the fact that an injury occurred in the workplace, but instead, there must be proof that the alleged omission or defect was negligence.  Allsup's Convenience Stores v. Warren, 934 S.W.2d 433, 436 (Tex.App.--Amarillo 1996, writ denied).

Alashmawi presents six single-spaced paragraphs of summary judgment evidence to support his contention.  Initially, we note that Alashmawi did not plead the facts that he claimed gave rise to the ten duties he alleged.  Although he recognizes that he had the burden to present evidence creating a fact question regarding (1) the existence of a legal duty, (2) a breach of that duty, and (3) damages caused by the breach, he does not cite any authorities[9] supporting his multiple duty claims, and he does not organize and present the evidence in a manner to demonstrate his contentions that he presented some evidence creating a genuine fact issue on the element of causation of each claim challenged by the no-evidence motion of IBP.  Moreover, according to a letter from his physician submitted as part of his summary judgment evidence, Alashmawi had "his protective clothes and smock on" when the acid spilled.  Also, the six paragraphs referenced by Alashmawi do

---

[9]Sullivan v. Bickel & Brewer, 943 S.W.2d 477, 486 (Tex.App.--Dallas 1995, pet. denied).

15

not present any evidence suggesting that IBP had a duty to warn or train him,[10] a college trained chemist, and do not address or identify any alleged non-compliance with the Occupational Safety and Health Act and the American National Standards Institute regulations.[11]  Considering that a vital fact, essential to establishing legal elements for recovery may not be established by "piling inference upon inference," and considering the summary judgment evidence as presented by Alashmawi, we conclude the trial court did not err in granting IBP's no-evidence motion for summary judgment as to Alashmawi's negligence claims.  Schlumberger Well Sur. Corp. v. Nortex Oil & G. Corp., 435 S.W.2d 854, 858 (Tex. 1968); *Roth*, 994 S.W.2d at 197.  Sub-issue one is overruled.  Our disposition of this issue pretermits our consideration of sub-issues two, three, and four and renders them moot.  Tex. R. App. P. 47.1.

Section 32.46 and Contract Claims, and Administrative Remedies

In its second motion for summary judgment, among other things, IBP alleged as grounds that:

17.  Plaintiff is not entitled to punitive damages or to escape the application of the punitive damages cap by virtue of a violation of § 32.46 of the Texas Penal Code.

---

[10]No duty to warn where matter was common knowledge to worker in a products case.  *See* Sauder Custom Fabrication, Inc. v. Boyd, 967 S.W.2d 349, 351 (Tex. 1998).

[11]No argument or authorities are submitted regarding OSHA and ANSI claims.  *See* Sullivan v. Bickel & Brewer, 943 S.W.2d 477, 486 (Tex.App.–Dallas 1995, pet. denied).

16

18.  Plaintiff has not pled an ERISA cause of action.

19.  Plaintiff's claims under § 32.46 of the Texas Penal Code are preempted by ERISA.

20.  Plaintiff's claims of failure of consideration are preempted by ERISA.

Then, by its paragraph entitled "No-Evidence Motion," IBP contended that it was entitled to summary judgment as to Alashmawi's claims for failure of consideration and section 32.46 claims. These questions require an examination of the pleadings.

In Moore v. Ham, 342 S.W.2d 825, 826 (Tex.Civ.App.--Amarillo 1961, no writ), we held that the character or nature of an action is determined by the facts stated in the petition and the relief sought.  Later, in Murray v. O & A Express, Inc., 630 S.W.2d 633, 636 (Tex. 1982), the Court observed that the "office of pleadings is to define the issues" and that pleadings should give fair notice of the facts the basis of the claim.[12]  Summary judgment practice does not ignore pleadings; to the contrary, Rule 166a(c) provides in part:

> The judgment sought shall be rendered forthwith if (i) the deposition transcripts . . . and other discovery responses referenced . . . and (ii) *the pleadings,* admissions . . . show that, except as to the amount of damages, there is no genuine issue . . . .

---

[12]Pleadings also assist the court to define and identify the claims or defenses of the parties.

17

(Emphasis added). *Gorman* demonstrates that when a question of preemption by ERISA is presented, the claimant's pleadings must be carefully reviewed and analyzed in order to determine questions of preemption, jurisdiction, and the choice of law to be applied. 811 S.W.2d at 544-45. As explained in *Gorman*, state courts and federal courts have concurrent jurisdiction over some claims covered by sections 1132(a)(1)(B) and (e) of ERISA and any other ERISA civil actions are within the exclusive jurisdiction of the federal courts. *Id*. at 546-47; *see also* Manahan v. Meyer, 862 S.W.2d 130, 133-34 (Tex.App.--Houston [1st Dist.] 1993, writ denied). *Gorman* also illustrates that where applicable, ERISA preempts recovery of punitive damages and mental anguish claims. 811 S.W.2d at 548-49. As demonstrated by *Hook* and other cases cited herein, some claims may not implicate ERISA. 38 F.3d at 779. Accordingly, determining whether an ERISA issue is presented requires a heightened emphasis of the claimant's pleadings.

By his seventh sub-issue and part of his third sub-issue, Alashmawi addresses his contract claims. Conceding that ERISA applies to preempt his alternative claim for breach of contract, he nevertheless contends the trial court had jurisdiction over the claim. By his third sub-issue, Alashmawi also addresses IBP's claim that he did not exhaust his administrative remedies, and by his fifth sub-issue, contends that summary judgment was improper as to his claim under section 32.46 of the Texas Penal Code that an award of punitive damages should not be capped by section 41.008(b) of the Texas Civil Practice and Remedies Code Annotated (Vernon 1997); *see also* § 41.008(c)(11). Because these

18

sub-issues present common questions as to the sufficiency of Alashmawi's pleadings and whether summary judgment was appropriate, we will consider them together.

Alashmawi's contract claims were presented in his third amended petition as follows:

14. Alternatively, Breach of Contract: In the alternative, if the "acceptance and waiver " is enforceable, IBP materially breached the contract. Therefore, Mr. Alashmawi may recover damages from IBP or rescind the contract.

15. Alternatively, Failure of Consideration: The consideration for the "acceptance and waiver" failed at least in part.

Without presenting his multiple claims by separate counts as permitted by Rules 48 and 49 of the Texas Rules of Civil Procedure, and after alleging ten acts of negligence, a claim of malice, separate claims of duress, undue influence, and fraud, Alashmawi alleged that under section 32.46 of the Texas Penal Code, punitive damages should not be capped pursuant to section 41.008(b) of the Texas Civil Practice and Remedies Code.

IBP described the contract claims as "ill-defined and unusual." Likewise, we are unable to determine the basis of the alleged contract claims, and therefore, are unable to determine whether ERISA is implicated; and, if so, whether the claims are subject to state and federal concurrent jurisdiction, or whether the claims fall within the exclusive jurisdiction of the federal courts. Similarly, from these pleadings, we are also unable to determine whether the claim for exemplary damages and the allegation regarding section

19

32.46 of the Texas Penal Code relates to Alashmawi's state law action for negligence or to his claim under contract, which he acknowledges is subject to ERISA and which may require him to exhaust contractual administrative remedies. Notwithstanding these pleading deficiencies, IBP did not present any special exceptions to Alashmawi's allegations. Whether pleadings fail to state a cause of action may not be determined by summary judgment. Massey v. Armco Steel Co., 652 S.W.2d 932, 934 (Tex. 1983). A party should be given the opportunity to amend after special exceptions have been sustained. Hartsfield v. Wisdom, 843 S.W.2d 221, 224 (Tex.App.--Amarillo 1992, writ denied). Accordingly, summary judgment on the contract and section 32.46 claims was improper and to that extent only sub-issues five and seven are sustained. However, because of the deficiencies of Alashmawi's pleadings, we express no opinion on that portion of sub-issue three regarding exhaustion of administrative remedies, nor sub-issue five regarding the merits of the contract and section 32.46 claims.

Accordingly, that portion of the judgment that Alashmawi take and recover nothing against IBP on his common law action for negligence is affirmed and severed from the other portion of the judgment which is reversed and remanded; however, as to all other portions of the judgment denying Alashmawi's claims, including his contract and section 32.46 claims, the judgment is reversed and the cause is remanded to the trial court for further proceedings consistent with this opinion.

Don H. Reavis
Justice

Publish.