NO. 07-03-0067-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



MARCH 28, 2003



______________________________




IN THE MATTER OF THE MARRIAGE OF


MICHAEL D. DENISON AND MARIA G. DENISON






_________________________________



FROM THE 221ST DISTRICT COURT OF MONTGOMERY COUNTY;



NO. 02-06-03800CV; HONORABLE SUZANNE H. STOVALL, JUDGE



_______________________________



Before REAVIS and CAMPBELL, JJ., and BOYD, S.J. (1)

MEMORANDUM OPINION


 In this proceeding, appellant Michael D. Denison gave timely notice of appeal from
a judgment in favor of appellee Maria G. Denison. However, since that time nothing further
has been done by appellant to obtain and file an appellate record and to perfect his appeal. 
We have been notified by the district clerk that appellant has not responded to their
inquiries after several letters had been sent to him by the clerk's office.

 Accordingly, on March 12, 2003, a notice was sent to appellant at the address
contained in the court file. In the notice, appellant was advised that unless a response
from him was received by this court within ten days from the date of the notice explaining
his failure to take the necessary steps to perfect his appeal, the appeal would be subject
to dismissal for want of prosecution. See Tex. R. App. P. 37.3.

 No such reply has been received. Accordingly, the appeal must be, and is hereby,
dismissed. 

 Per Curiam

 

 

 
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. 
Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2003). 



t



 In reviewing a summary judgment, this Court must apply the standards established
in Nixon v. Mr. Property Management, 690 S.W.2d 546, 548-49 (Tex. 1985), which are:

 1. The movant for summary judgment has the burden of showing that there
is no genuine issue of material fact and that it is entitled to judgment as a
matter of law.


 2. In deciding whether there is a disputed material fact issue precluding
summary judgment, evidence favorable to the non-movant will be taken as
true.


 3. Every reasonable inference must be indulged in favor of the non-movant
and any doubts resolved in its favor.



 For a party to prevail on a motion for summary judgment, he must conclusively
establish the absence of any genuine question of material fact and that he is entitled to
judgment as a matter of law. Tex. R. Civ. P. 166a(c). A movant must either prove all
essential elements of his claim, MMP, Ltd. v. Jones, 710 S.W.2d 59 (Tex. 1986), or negate
at least one essential element of the non-movant's cause of action. Randall's Food
Markets, Inc. v. Johnson, 891 S.W.2d 640, 644 (Tex. 1995). Once the movant has
established a right to summary judgment, the non-movant has the burden to respond to the
motion for summary judgment and present to the trial court any issues that would preclude
summary judgment. City of Houston v. Clear Creek Basin Authority, 589 S.W.2d 671, 678
(Tex. 1979); Barbouti v. Hearst Corp., 927 S.W.2d 37, 64 (Tex.App.--Houston [1st Dist.]
1996, writ denied). Issues which the non-movant contends preclude the granting of a
summary judgment must be expressly presented to the trial court by written answer or
other written response to the motion and not by mere reference to summary judgment
evidence. McConnell v. Southside School Dist., 858 S.W.2d 337, 341 (Tex. 1993). Issues
not expressly presented to the trial court in writing shall not be considered on appeal as
grounds for reversal. Tex. R. Civ. P. 166a(c). Further, all theories in support of or in
opposition to a motion for summary judgment must be presented in writing to the trial court. 
Casso v. Brand, 776 S.W.2d 551, 553 (Tex. 1989). When a summary judgment does not
specify or state the grounds relied on, the summary judgment will be affirmed on appeal
if any of the grounds presented in the motion are meritorious. Carr v. Brasher, 776 S.W.2d
567, 569 (Tex. 1989); Insurance Co. Of N. Am. v. Security Ins., 790 S.W.2d 407, 410
(Tex.App.--Houston [1st Dist.] 1990, no writ). 

Billington's Pleadings


Second Ground



 A summary judgment should not be based on a pleading deficiency that can be
cured by amendment of pleadings. See In Interest of B.I.V., 870 S.W.2d 12, 13 (Tex.
1994). Here, the record does not show the trial court ruled on Lamberson's special
exception. Accordingly, the summary judgment may not be affirmed on the basis of the
second ground. Alashmawi v. IBP, Inc., 65 S.W.3d 162, 173-74 (Tex.App.--Amarillo 2001,
pet. denied). The judgment does not specify the grounds relied on. Thus, we are required
to determine if the judgment can be affirmed on the first ground presented in the motion for
summary judgment. See Carr, 776 S.W.2d at 569. Accordingly, we continue our analysis
by focusing on Lamberson's first ground that Billington was not a person "closely related."

Person "closely related."


First Ground



 In Boyles v. Kerr, 855 S.W.2d 593, 598 (Tex. 1993), the Court restated that status 
as a bystander requires determinations of 

 (1) whether plaintiff was located near the scene of the accident as contrasted
with one who was a distance away from it;

 (2) whether the shock resulted from a direct emotional impact upon plaintiff
from the sensory and contemporaneous observance of the accident, as
contrasted with learning of the accident from others after its occurrence; and

 (3) whether the plaintiff and the victim were closely related, as contrasted
with an absence of any relationship or the presence of only a distant
relationship.


(Emphasis added). See also Freeman v. City of Pasadena, 744 S.W.2d 923, 923-24 (Tex.
1988) (adopting bystander recovery theory in Dillon v. Legg, 68 Cal.2d 728, 740, 441 P.2d
912, 920, 69 Cal Rptr. 72, 80 (1968)). Regarding the third factor, unlike an action under
section 71.004 of the Texas Civil Practice and Remedies Code which allows recovery of
damages by a surviving spouse, children, and parents of a deceased, the Court did not
define "closely related."

 The summary judgment evidence presented by Lamberson included Billington's oral
deposition and her grandmother's death certificate. According to the evidence offered in
support of the motion for summary judgment: 


 at the time of her death, the deceased, age 77, resided in Amarillo,
Potter County;
 at the time of the accident, Billington was married, lived and worked
with her husband on a ranch in Moore County; 
 Billington was the mother of two children;
 Billington had a twin brother and other relatives who lived in the
vicinity;
 Billington had never resided in the home of her grandmother; and
 Billington did not see the accident, but did see the wrecked vehicle
and her grandmother with injuries shortly after the accident.



By response to the motion for summary judgment, Billington contended there was no
evidence proving she was not closely related to the deceased; however she did not present
any summary judgment evidence, by affidavit or otherwise, to establish a fact issue on the
question of whether she and her grandmother were "closely related." See Clear Creek
Basin Authority, 589 S.W.2d at 679.

 Citing Garcia v. San Antonio Housing Authority, 859 S.W.2d 78, 81 (Tex.App.-- San
Antonio 1993, pet. denied), Billington contends that by a majority opinion, the San Antonio
Court held that a grandparent constituted a person "closely related"; however, that
reference is misplaced because in Garcia the plaintiff claiming bystander status was an
uncle of the victim, not a grandparent. Adopting the California Supreme Court's definition
of "closely related," the court reversed a summary judgment that the uncle take nothing and
remanded the case for a determination of whether the uncle resided in the same household
as the injured victim. (3) Id. Although the court did not state that sharing a common
residence was essential, based upon its disposition of the case, we conclude that the
majority considered that a determination of whether the uncle and the victim shared a
common residence was an important factor to be considered in determining whether the
uncle and victim were "closely related." See also Rodriguez v. Motor Exp., Inc. 909 S.W.2d
521, 525 (Tex.App.--Corpus Christi 1993), rev'd on other grounds, 925 S.W.2d 638 (Tex.
1996) (noting that two cousins-in-law resided in separate residences, the court affirmed a
summary judgment denying a bystander claim). 

 Pleadings do not constitute summary judgment proof and are not to be considered
in determining whether fact issues are expressly presented in summary judgment
proceedings. Hidalgo v. Sur. Sav. & Loan Ass'n, 462 S.W.2d 540, 545 (Tex. 1971). 
Further, "the non-movant must expressly present to the trial court any reasons seeking to
avoid the movant's entitlement . . . and he must present summary judgment proof when
necessary to establish a fact issue." Clear Creek Basin Authority, 589 S.W.2d at 678. "No
longer must the movant negate all possible issues of law and fact that could be raised by
the non-movant in the trial court but were not." Id.

 Considering that Lamberson's summary judgment evidence established Billington
never shared a common residence with her grandmother, was married and lived on a ranch
in an adjoining county, and other summary judgment evidence, in the absence of evidence
by Billington raising a fact question as to the "closely related" ground, we conclude the trial
court did not err in rendering summary judgment for Lamberson. Billington's issue is
overruled.

 Accordingly the trial court's judgment is affirmed.


 Don H. Reavis

 Justice

 
1. According to her deposition, appellant's name is Jeanette Kiser, formerly Jeanette
Billington. 
2. Billington does not present a general issue as suggested in Malooly Brothers, Inc.
v. Napier, 461 S.W.2d 119, 121 (Tex. 1970).
3. The Texas Supreme Court did not adopt the reference to the California rule.