NO. 07-04-0370-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



DECEMBER 8, 2005



______________________________




JEANETTE BILLINGTON, APPELLANT



V.



WILLIAM MARK LAMBERSON, APPELLEE




_________________________________



FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;



NO. 90,763-E; HONORABLE ABE LOPEZ, JUDGE



_______________________________




Before REAVIS and CAMPBELL and HANCOCK, JJ.



 OPINION




 Appellant Jeanette Billington (1) challenges the trial court's order granting summary
judgment that she take nothing against appellee William Mark Lamberson on her common
law cause of action seeking damages for mental anguish she alleges she sustained as a
bystander to an accident caused by Lamberson in which her grandmother sustained fatal
injuries. Presenting a sole issue, (2) Billington contends that under the common law of Texas,
a grandchild should be allowed to recover for mental anguish suffered as a bystander to
the death of a grandparent. We affirm.

 Twanda Billington, appellant's grandmother was killed in an accident on May 5,
2001, when Lamberson failed to yield the right of way. Appellant Billington, the adult
granddaughter of the decedent, and Billington's mother had attended a function with the
deceased prior to the accident. They departed in separate cars and, as Billington was
following her grandmother, she heard what she thought was an accident. When she turned
a corner, she saw that her grandmother's car had been in an accident. Billington did not
see the accident, but did witness the immediate aftermath. At the time of the accident,
Billington was residing with her husband and two minor children on a ranch north of
Amarillo. Billington did not contend that she had ever lived with her grandmother or that
a loco parentis relationship had ever existed. 

 By traditional motion, Lamberson sought summary judgment on two grounds. 

 First Ground. Billington was not a person "closely related" as is required to
maintain a bystander claim.

 Second Ground. Billington had no viable cause for a bystander claim based
on her pleadings. 


Responding to the motion, Billington alleged (1) there was no evidence that she was not
"closely related" and 2) the absence of any case law denying a granddaughter the right to
recover on a bystander claim. 

Standard of Review for a


Traditional Motion for Summary Judgment



 In reviewing a summary judgment, this Court must apply the standards established
in Nixon v. Mr. Property Management, 690 S.W.2d 546, 548-49 (Tex. 1985), which are:

 1. The movant for summary judgment has the burden of showing that there
is no genuine issue of material fact and that it is entitled to judgment as a
matter of law.


 2. In deciding whether there is a disputed material fact issue precluding
summary judgment, evidence favorable to the non-movant will be taken as
true.


 3. Every reasonable inference must be indulged in favor of the non-movant
and any doubts resolved in its favor.



 For a party to prevail on a motion for summary judgment, he must conclusively
establish the absence of any genuine question of material fact and that he is entitled to
judgment as a matter of law. Tex. R. Civ. P. 166a(c). A movant must either prove all
essential elements of his claim, MMP, Ltd. v. Jones, 710 S.W.2d 59 (Tex. 1986), or negate
at least one essential element of the non-movant's cause of action. Randall's Food
Markets, Inc. v. Johnson, 891 S.W.2d 640, 644 (Tex. 1995). Once the movant has
established a right to summary judgment, the non-movant has the burden to respond to the
motion for summary judgment and present to the trial court any issues that would preclude
summary judgment. City of Houston v. Clear Creek Basin Authority, 589 S.W.2d 671, 678
(Tex. 1979); Barbouti v. Hearst Corp., 927 S.W.2d 37, 64 (Tex.App.--Houston [1st Dist.]
1996, writ denied). Issues which the non-movant contends preclude the granting of a
summary judgment must be expressly presented to the trial court by written answer or
other written response to the motion and not by mere reference to summary judgment
evidence. McConnell v. Southside School Dist., 858 S.W.2d 337, 341 (Tex. 1993). Issues
not expressly presented to the trial court in writing shall not be considered on appeal as
grounds for reversal. Tex. R. Civ. P. 166a(c). Further, all theories in support of or in
opposition to a motion for summary judgment must be presented in writing to the trial court. 
Casso v. Brand, 776 S.W.2d 551, 553 (Tex. 1989). When a summary judgment does not
specify or state the grounds relied on, the summary judgment will be affirmed on appeal
if any of the grounds presented in the motion are meritorious. Carr v. Brasher, 776 S.W.2d
567, 569 (Tex. 1989); Insurance Co. Of N. Am. v. Security Ins., 790 S.W.2d 407, 410
(Tex.App.--Houston [1st Dist.] 1990, no writ). 

Billington's Pleadings


Second Ground



 A summary judgment should not be based on a pleading deficiency that can be
cured by amendment of pleadings. See In Interest of B.I.V., 870 S.W.2d 12, 13 (Tex.
1994). Here, the record does not show the trial court ruled on Lamberson's special
exception. Accordingly, the summary judgment may not be affirmed on the basis of the
second ground. Alashmawi v. IBP, Inc., 65 S.W.3d 162, 173-74 (Tex.App.--Amarillo 2001,
pet. denied). The judgment does not specify the grounds relied on. Thus, we are required
to determine if the judgment can be affirmed on the first ground presented in the motion for
summary judgment. See Carr, 776 S.W.2d at 569. Accordingly, we continue our analysis
by focusing on Lamberson's first ground that Billington was not a person "closely related."

Person "closely related."


First Ground



 In Boyles v. Kerr, 855 S.W.2d 593, 598 (Tex. 1993), the Court restated that status 
as a bystander requires determinations of 

 (1) whether plaintiff was located near the scene of the accident as contrasted
with one who was a distance away from it;

 (2) whether the shock resulted from a direct emotional impact upon plaintiff
from the sensory and contemporaneous observance of the accident, as
contrasted with learning of the accident from others after its occurrence; and

 (3) whether the plaintiff and the victim were closely related, as contrasted
with an absence of any relationship or the presence of only a distant
relationship.


(Emphasis added). See also Freeman v. City of Pasadena, 744 S.W.2d 923, 923-24 (Tex.
1988) (adopting bystander recovery theory in Dillon v. Legg, 68 Cal.2d 728, 740, 441 P.2d
912, 920, 69 Cal Rptr. 72, 80 (1968)). Regarding the third factor, unlike an action under
section 71.004 of the Texas Civil Practice and Remedies Code which allows recovery of
damages by a surviving spouse, children, and parents of a deceased, the Court did not
define "closely related."

 The summary judgment evidence presented by Lamberson included Billington's oral
deposition and her grandmother's death certificate. According to the evidence offered in
support of the motion for summary judgment: 


 at the time of her death, the deceased, age 77, resided in Amarillo,
Potter County;
 at the time of the accident, Billington was married, lived and worked
with her husband on a ranch in Moore County; 
 Billington was the mother of two children;
 Billington had a twin brother and other relatives who lived in the
vicinity;
 Billington had never resided in the home of her grandmother; and
 Billington did not see the accident, but did see the wrecked vehicle
and her grandmother with injuries shortly after the accident.



By response to the motion for summary judgment, Billington contended there was no
evidence proving she was not closely related to the deceased; however she did not present
any summary judgment evidence, by affidavit or otherwise, to establish a fact issue on the
question of whether she and her grandmother were "closely related." See Clear Creek
Basin Authority, 589 S.W.2d at 679.

 Citing Garcia v. San Antonio Housing Authority, 859 S.W.2d 78, 81 (Tex.App.-- San
Antonio 1993, pet. denied), Billington contends that by a majority opinion, the San Antonio
Court held that a grandparent constituted a person "closely related"; however, that
reference is misplaced because in Garcia the plaintiff claiming bystander status was an
uncle of the victim, not a grandparent. Adopting the California Supreme Court's definition
of "closely related," the court reversed a summary judgment that the uncle take nothing and
remanded the case for a determination of whether the uncle resided in the same household
as the injured victim. (3) Id. Although the court did not state that sharing a common
residence was essential, based upon its disposition of the case, we conclude that the
majority considered that a determination of whether the uncle and the victim shared a
common residence was an important factor to be considered in determining whether the
uncle and victim were "closely related." See also Rodriguez v. Motor Exp., Inc. 909 S.W.2d
521, 525 (Tex.App.--Corpus Christi 1993), rev'd on other grounds, 925 S.W.2d 638 (Tex.
1996) (noting that two cousins-in-law resided in separate residences, the court affirmed a
summary judgment denying a bystander claim). 

 Pleadings do not constitute summary judgment proof and are not to be considered
in determining whether fact issues are expressly presented in summary judgment
proceedings. Hidalgo v. Sur. Sav. & Loan Ass'n, 462 S.W.2d 540, 545 (Tex. 1971). 
Further, "the non-movant must expressly present to the trial court any reasons seeking to
avoid the movant's entitlement . . . and he must present summary judgment proof when
necessary to establish a fact issue." Clear Creek Basin Authority, 589 S.W.2d at 678. "No
longer must the movant negate all possible issues of law and fact that could be raised by
the non-movant in the trial court but were not." Id.

 Considering that Lamberson's summary judgment evidence established Billington
never shared a common residence with her grandmother, was married and lived on a ranch
in an adjoining county, and other summary judgment evidence, in the absence of evidence
by Billington raising a fact question as to the "closely related" ground, we conclude the trial
court did not err in rendering summary judgment for Lamberson. Billington's issue is
overruled.

 Accordingly the trial court's judgment is affirmed.


 Don H. Reavis

 Justice

 
1. According to her deposition, appellant's name is Jeanette Kiser, formerly Jeanette
Billington. 
2. Billington does not present a general issue as suggested in Malooly Brothers, Inc.
v. Napier, 461 S.W.2d 119, 121 (Tex. 1970).
3. The Texas Supreme Court did not adopt the reference to the California rule.



STYLE="font-family: Arial" STYLE="font-size: 10pt">
Issues Five and Six -Failure to Grant Mistrial 


 Through his fifth and sixth issues, appellant claims that the trial court abused its
discretion in failing to grant his motions for mistrial. He believed himself entitled to same
when the court sustained his objections to several questions by the prosecutor directed to
appellant's uncle. The first involved whether the uncle had "ever seen him [appellant] use
drugs when he was living with you" and the second concerned whether the witness was
scared of appellant. We overrule the issues.

 As previously mentioned, the trial court sustained appellant's objections to each
question. So too did it instruct the jury to disregard them. Furthermore, our review of the
record fails to illustrate that the objectionable matter and its alleged prejudicial affect was
beyond cure via the timely instruction to disregard. See Ovalle v. State, 13 S.W.3d 774,
783 (Tex. Crim. App. 2000) (stating that a prompt instruction to disregard will cure error
associated with an improper question). 

Issues Seven and Eight - Extraneous Robberies


 Lastly, appellant alleges that the trial court abused its discretion in admitting
evidence of the 7-11 and KFC robberies. However, he does not complain about the
evidence evincing the Phillips 66 robbery. Nor does he contend that the evidence was
irrelevant or inadmissible as proof of character conformity. Rather, he argues that it should
have been excluded under Rule 403 simply because the "State had strong direct evidence
to show that the [a]ppellant committed the [E-Z Mart] robbery . . . and the proffered jury
instruction was unlikely to be effective . . . ." (3) We overrule the issues.

 First, we cannot ignore the fact that appellant's attempt to apply the circumstances
at bar to the law he mentions consists of no more than the quotation set forth in the
immediately preceding paragraph. That is not the substantial analysis contemplated by
Rule 38.1(h) of the Texas Rules of Appellate Procedure. Vasquez v. State, 22 S.W.3d 28,
31 (Tex. App. - - Amarillo 2000, no pet.) (stating that an appellant must accompany his
issue with substantial analysis to comply with Rule 38.1(h)). Why the instruction was
supposedly insufficient to be effective goes unexplained. Nor does he explain why the
supposed lack of need for the evidence should outweigh every other factor favoring its
admission, such as relevance and tendency to prove identity. And, given this lack of
analysis, he waived the point. Id.

 Second, assuming arguendo that admission of the evidence was error, we find it
harmless. Analyzing harm involves a two step process. First, we determine whether a
substantial right is involved and then assess whether the error had more than a "slight"
effect on the outcome. Hastings v. State, 20 S.W.3d at 792. It is beyond dispute that an
accused has a substantial right to be tried only for the offense alleged in the indictment. 
Id. at 792. Thus, the prosecution's injection of extraneous offenses into the trial implicated
a substantial right. Id. 

 Now, we must determine whether the error had more than a slight impact on the
outcome of the trial. In doing so, we first consider the weight of the evidence establishing
appellant's guilt, other than that about which appellant complains. And, in assessing it, we
find that such evidence militates strongly against a finding of harm. Simply put, it is
overwhelming. Not only did the store clerk positively identify appellant, so did his uncle
after seeing a video of the robbery. Furthermore, the videotape and a picture of the
robbery depicting both appellant and the clothes he wore were admitted in evidence and
published to the jury. So too were various distinct items of clothing identified as those worn
by the robber found in appellant's home and admitted into evidence. In short, appellant's
culpability for the E-Z Mart robbery was virtually indisputable, and this renders it difficult to
conclude that any extraneous evidence could have had more than a slight impact on the
finding of guilt. (4) 

 Next, the evidence in question was made the subject of hearings outside the jury's
presence, and only after the trial court ruled it admissible was it tendered by the State. 
"Thus, it cannot be said that the State acted with evil motive . . . or that it would act with
impunity in the future if we were to affirm the judgment." Hastings v. State, 20 S.W.3d at
792. 

 Additionally, of the three extraneous robberies, appellant complains of only two on
appeal. Thus, we have before us a situation wherein substantial aspects of the purported
harm which the appellant decries will remain in the case irrespective of what we do
regarding the 7-11 and KFC crimes. This circumstance is not unlike that wherein one is
left with assessing whether a different outcome would have occurred if two malignant
tumors were removed from a body when nothing was done about a third of purportedly
similar kind and affect. If each is injurious in their own right but the patient allows one to
remain, we cannot say with any degree of reasonable probability that the patient would
have experienced a different outcome than the one encountered. See Hastings v. State,
20 S.W.3d at 791-92 (noting the failure of the appellant to complain about all the
inadmissible extraneous offenses in assessing probable harm). And, that is the
circumstance before us. In appellant complaining on appeal about only two of the three
instances of purportedly inadmissible evidence, we are not in a position to say that the
removal of two cancerous growths would have achieved a different outcome when a third
is left to spread havoc.

 Next, each of the three extraneous robberies was evidence susceptible to admission
during the punishment phase under art. 37.07 of the Texas Code of Criminal Procedure. 
See Padron v. State, 988 S.W.2d 344, 346 (Tex. App.-Houston [1st Dist.] 1999, no pet.)
(holding that the trial court may admit evidence of other crimes to aid the jury in assessing
punishment). Thus, it cannot be said that they somehow induced the trial court to assess
undue punishment. 

 Having overruled each issue, we affirm the judgment entered below.


 Brian Quinn

 Justice


Do not publish.



 
1. The Court of Criminal Appeals stated in Waldo v. State, 746 S.W.2d 750 (Tex. Crim. App. 1988) that
"[p]rearrest silence is a constitutionally permissible area of inquiry." Id. at 755. The witness at bar testified
that appellant had not been arrested at the time appellant allegedly refused to talk about something. And, we
say "something" because the witness was prevented from completing his answer by appellant's objection. 
So, we do not know with certainty what the suspect allegedly refused to talk about while purportedly
undergoing questioning before his arrest.
2. That the trial court sentenced appellant, as opposed to the jury, is of consequence. This is so
because an indicia considered in determining whether the instruction to disregard sufficed to cure harm
involves the likelihood that the comment affected the sentence imposed by the jury. Waldo v. State, 746
S.W.2d at 757. If the jury did not levy the punishment, then the comment could not have affected a sentence
it did not levy. Furthermore, without evidence to the contrary appearing of record, we will not infer that the trial
court ignored its own admonishment to disregard when it determined punishment. 
3. Texas Rule of Evidence 403 states: "Although relevant, evidence may be excluded if its probative
value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading
the jury, or by considerations of undue delay, or needless presentation of cumulative evidence."
4. This is not to say that the State is free to parade before the jury matters of tenuous value but extreme
prejudice affect merely because the accused's guilt is clear. Again, the weight of the evidence is but one
factor, though an important one, in assessing harm. Garza v. State, 963 S.W.2d 926, 929-30 (Tex. App. - -
San Antonio 1998, no pet.) (holding that the overwhelming weight of the evidence is but one factor in
assessing harm).