## ALLSUP'S CONVENIENCE STORES, INC., Appellant,

v.

## Jackie WARREN, Appellee.

### No. 07–96–0122–CV.

Court of Appeals of Texas, Amarillo.

Nov. 21, 1996.

Rehearing Overruled Dec. 20, 1996.

---

**434**

Before BOYD, C.J., REAVIS, J. and REYNOLDS, Senior Judge.*

Jones Flygare Galey Brown & Wharton, Jeffrey B. Jones, Bradley M. Pettiet, John D. Rosentreter, Lubbock, for appellant.

Smith Storrs Wilson & McConnell, P.C., Ed McConnell, David Duncan, Amarillo, for appellee.

CHARLES L. REYNOLDS, Senior Justice (Assigned).

Allsup's Convenience Stores, Inc. (Allsup) challenges the judgment rendered against it on Jackie Warren's negligence cause of action for personal injuries, contending there was no evidence concerning (1) negligence, (2) proximate cause, and (3) causal connection. Agreeing there was a lack of evidence of negligence, we will reverse and render.

Warren, employed by Allsup as a store manager in Hereford, filed her action against Allsup and Affiliated Foods, Inc., alleging their negligence was the proximate cause of injuries she received on 8 June 1992 and 13 July 1992 while lifting cardboard boxes, each containing six one gallon jugs of milk, out of an Affiliated Foods delivery truck while in the scope of her employment with Allsup. Because Allsup was not a subscriber under Texas Workers' Compensation laws, she grounded her action on Texas Labor Code section 406.033(d),[1] and alleged Allsup's violation of Texas Revised Civil Statute article

---

* Charles L. Reynolds, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. § 75.002(a)(1) (Vernon Supp. 1996).

1. The Labor Code provides that in an action against an employer for an injury received in the course and scope of employment, where the employer does not have workers' compensation insurance coverage, "plaintiff must prove negligence of the employer or of an agent or servant of the employer acting within the general scope of the agent's or servant's employment." Tex. Labor Code Ann. § 406.033(d) (Vernon Pamph. 1997).

5182a to show the requisite negligence.[2] *Sears Roebuck & Company v. Robinson,* 154 Tex. 336, 280 S.W.2d 238, 239 (1955).

Specifically, Warren alleged that Allsup was negligent in its:

1. Failure to provide a safe place of employment as required by Tex.Rev.Civ. Stat. Ann. art. 5182a, section 3;

2. Failure to provide Plaintiff with assistance in unloading supplies from the rear of a tractor bed from a height of chest level or above;

3. Failure to adequately or properly train the employees in any manner in lifting heavy or awkward items from the rear of a tractor trailer bed from a height of chest level or above;

4. Failure to provide adequate equipment to lift items from the rear of a tractor trailer bed from a height of chest level or above;

5. Failure to provide safety equipment to lift items from the rear of a tractor trailer bed from a height of chest level or above;

6. Failure to adhere to safety requirement under the Occupational Safety and Health Act, by failing to provide safety equipment in order to unload by lifting items from the rear of a tractor trailer bed from a height of chest level or above; and

7. Failure to provide assistance in the operation of the convenience store while unloading the Affiliated Foods, Inc. tractor trailer.

Allsup generally denied Warren's action and affirmatively asserted its right to offsets for payment of medical expenses and wages. Additionally, Allsup specially excepted to Warren's interpretation of and reliance upon

article 5182a, *supra,* but no action on the special exception is recorded.

The record reveals that in April of 1992, Warren was hired by Dale McDonald, a supervisor for Allsup, as an assistant manager of Allsup's Store No. 111. Later, she became manager of the store after McDonald had fired all the other employees at the store. Although the store manager normally hires and fires the employees, and schedules their work hours, McDonald hired the employees for this store. Subsequently, on 4 July 1992, Warren was transferred as manager to Store No. 112, where the employees previously had been hired. The manager was responsible for, among other things, unloading the merchandise delivered to the store by trucks of Affiliated Foods, Allsup's supplier, and to see that the trucks were not delayed in any way. McDonald told Warren that she needed to schedule one of the men to unload the truck every time, the advice given each female store manager.

Among other testimony, the jury heard Warren's description of the events surrounding the two incidents. At Store No. 111, she had scheduled a young boy to work on June 8, the day of the delivery, but he failed to show. She telephoned McDonald for help, but none arrived. Because the Affiliated Foods driver would not wait for her to get help, Warren unloaded the truck alone by carrying the boxes off the tailgate of the delivery truck and setting them down inside the store, hurting her back in the process.[3] Her depiction of the events at Store No. 112 on July 13 was substantially the same.

Ten members of the twelve person jury found that both Allsup and Warren were negligent, but Affiliated was not.[4] They attributed 25% of the negligence to Allsup and 75% to Warren.[5] And they found that $75,-

2. Texas Revised Civil Statute article 5182a was repealed after Warren filed suit on 3 June 1994. Acts 1995, 74th Leg., ch. 76, § 954(c), eff. Sept. 1, 1995. However, prior to its repeal, section 3 provided that "Every employer shall furnish and maintain employment and a place of employment which shall be reasonably safe and healthful for employees. Every employer shall install, maintain, and use such methods, process, devices, and safeguards, . . . as are reasonably necessary to protect the life, health, and safety of such employees, and shall do every other thing

reasonably necessary to render safe such employment and place of employment." *Id.*

3. There was no testimony concerning how many boxes Warren actually carried off the delivery truck.

4. Affiliated is not a party to this appeal.

5. No allegation of error pursuant to Chapter 33 of the Texas Civil Practice & Remedies Code Annotated (Vernon 1986 & Supp.1997) is made,

000 was reasonable compensation for Warren's past and future pain, mental anguish, lost earning capacity, disfigurement, physical impairment, and medical care.

Allsup filed a motion for judgment notwithstanding the verdict. The basis of the motion was a lack of any evidence concerning negligence or causation.

The trial court denied the motion and rendered judgment on the verdict. The judgment provides for Warren's recovery of $33,-490,[6] together with pre- and post-judgment interest and costs of court against Allsup.

The genesis for this appeal is the denial of Allsup's motion for judgment notwithstanding the verdict. Allsup contends the motion should have been granted because there was no evidence presented concerning (1) negligence, (2) proximate cause, or (3) causal connection.

Warren responds that there was some evidence of negligence, proximate cause and causal connection. Specifically, she represents that in connection with her pleaded acts of negligence,

2 and 7, Allsup failed to provide her adequate assistance in unloading Affiliated's trucks;

3, Allsup failed to properly train her in lifting the boxes from the trucks;

4, Allsup failed to provide a loading dock for the unloading of the trucks; and

5, Allsup failed to provide her with a back brace or safety belt.[7]

Warren concludes that since it was medically evidenced that she received injuries on the dates alleged, it was within the province of the jury to sift through the evidence and arrive at its own conclusions, Texas Rule of Civil Procedure 226(a), which are not to be disturbed. *Stafford v. Stafford,* 726 S.W.2d 14, 16 (Tex.1987).

▆▆▆ Of course, the jury was entitled to draw its own conclusions from the evidence,

provided there was evidence to support its findings. *Id.* In our own examination of the contentions of no evidence, we must review the entire record to determine whether there is more than a scintilla of evidence to support the findings, *Garza v. Alviar,* 395 S.W.2d 821, 823 (Tex.1965), and if there is, we must uphold the findings. *Stedman v. Georgetown S. & L. Ass'n,* 595 S.W.2d 486, 488 (Tex. 1979). Evidence is merely a scintilla when it is so weak as to do nothing more than create a mere surmise or suspicion of a fact. *Seideneck v. Cal Bayreuther Associates,* 451 S.W.2d 752, 755 (Tex.1970). We must consider only the evidence and the reasonable inferences which can be drawn therefrom in their most favorable light to support the jury's findings while disregarding all contrary evidence and inferences. *Browning–Ferris, Inc. v. Reyna,* 865 S.W.2d 925, 928 (Tex.1993). If there is some evidence in the record to support the jury's findings, the challenge to the legal sufficiency will fail. *Cameron v. Terrell & Garrett, Inc.,* 618 S.W.2d 535, 541 (Tex.1981).

▆▆▆ To be successful in her allegation of negligence, Warren must have marshalled some evidence to show (1) a legal duty owed her by Allsup, (2) that Allsup breached that duty, and (3) that the breach was the proximate cause of damages. *El Chico Corp. v. Poole,* 732 S.W.2d 306, 311 (Tex.1987). The existence of a duty is a question of law for the court to decide from the facts surrounding the occurrence. *Greater Houston Transp. Co. v. Phillips,* 801 S.W.2d 523, 525 (Tex.1990). The lack of evidence to show a breach of a legal duty owed Warren is the premise of Allsup's initial contention of error.

▆▆▆ The mere occurrence of an event causing injury is not evidence of negligence. *Farriell v. Davis,* 606 S.W.2d 344, 345 (Tex. Civ.App.—Eastland 1980, no writ). Thus, negligence or a failure to perform a duty required by law is never presumed as a fact,

---

presumably since Texas Labor Code section 406.033(a), *supra,* provides that contributory negligence by Warren is not a defense.

**6.** This figure represents the jury award less offsets for medical expenses previously paid by Allsup and stipulated to by Warren.

**7.** With respect to her sixth allegation of negligence, Warren concedes that there was no evidence of the OSHA standards and, hence, no evidence of their violation.

but must be proved by evidence. *Wells v. Texas Pacific Coal and Oil Company*, 140 Tex. 2, 164 S.W.2d 660, 662 (1942). The burden of proving it is on the party seeking a recovery of damages by reason of such negligence. *Jones v. Nafco Oil and Gas, Inc.*, 380 S.W.2d 570, 574 (Tex.1964); *Trio Transport, Inc. v. Henderson*, 413 S.W.2d 806, 812 (Tex. Civ.App.—Amarillo 1967, writ ref'd n.r.e.).

Given the premise that Allsup owed Warren a statutory duty to provide a safe work place pursuant to article 5182a, *supra*, we review the recorded evidence to ascertain whether it was evinced that the duty was breached in the manner alleged by Warren. If not, then, as the Supreme Court has held, "it is the duty of the trial court to instruct a verdict, though there be slight testimony, if its probative force be so weak that it only raises a mere surmise or suspicion of the existence of a fact sought to be established." *Joske v. Irvine*, 91 Tex. 574, 44 S.W. 1059, 1063 (1898).

■ With regard to Warren's claim that Allsup was negligent in failing to provide her with assistance in unloading the trucks, she argues that it was Allsup's standard operating procedure for male employees to unload the trucks, that she was instructed by McDonald to schedule one of the men to unload the truck every time, and that when the males she had scheduled to unload the trucks did not report for duty, her call for assistance was unanswered. However, because Warren does not suggest that Allsup failed to adequately staff the stores, the argument is refuted by the evidence that Allsup did not control the movements of the store employees, but that it was Warren's sole responsibility to schedule the workers for duty, and by her admission that the failure of the employees to report for duty was not Allsup's fault. Absent evidence of a special relationship between Allsup and Warren which imposed a duty upon Allsup apart from Warren's to insure that the scheduled employees reported for duty, Allsup had no duty to control the scheduled employees' conduct. *Greater Houston Transp. Co. v. Phillips*, 801 S.W.2d at 525. Thus, without proof of this necessary element for Allsup's liability, Warren cannot prevail under her theory that Allsup was negligent in failing to provide her assistance in unloading the trucks. *Triplex Communications, Inc. v. Riley*, 900 S.W.2d 716, 720 (Tex.1995).

■ Although Warren, in support of her allegation that Allsup was negligent in failing to properly train her, testified to the legal conclusion that she was not trained in lifting heavy items, the testimony was not validated by the evidence. Warren disclosed her familiarity with Allsup's Safety Manual, which directs that all personnel be instructed in proper lifting procedures as shown in its text and diagrams, but she could not recall following any of the lifting procedures outlined in the manual. Undisputed is the testimony of McDonald that he demonstrated to Warren how to unload a truck, including milk boxes, and unloaded her first truck with her, showing her how to unload it. Warren admitted that she was physically capable of unloading an Affiliated truck, that she had unloaded the trucks since she became manager, and that there was nothing unusual about what she had to do in unloading the trucks.

What is missing from the record to sustain Warren's claim is evidence of any training beyond that given Warren for lifting items from the truck which would be necessary or proper by a reasonably prudent employer. Warren's bald conclusion that she was not properly trained in lifting heavy items does not, without more, supply that evidence. It was her burden to provide factual proof of the training that Allsup negligently failed to provide, *Jones v. Nafco Oil and Gas, Inc.*, 380 S.W.2d at 574, but she did not provide that proof.

■ Warren claimed, apparently in connection with Allsup's nondelegable duty to furnish her with reasonably safe instrumentalities with which to work, *Fort Worth Elevators Co. v. Russell*, 123 Tex. 128, 70 S.W.2d 397, 401 (1934),[8] that Allsup did not provide her with a back brace or belt for lifting the

---

8. An unrelated portion of the opinion in this cause was disapproved in *Wright v. Gifford–Hill & Co., Inc.*, 725 S.W.2d 712, 714 (Tex.1987).

merchandise off the delivery trucks, or provide a loading dock. Her testimony, and that of McDonald, was consistent that neither was provided.

However, Warren admittedly never requested Allsup to provide a back brace or safety belt for the lifting, nor did she complain of the unloading as unsafe on any occasion. Rather, she testified she had unloaded delivery trucks on other occasions without injury. Neither was there any evidence that a back brace or safety belt was commonly used in, or had been established by industry standards or customs as a safety measure for, unloading merchandise from trucks as was involved in this cause, or that a reasonably prudent employer would have provided such instrumentality. Nor was there any medical evidence that a back brace or safety belt would have prevented the injuries sustained by Warren.

In brief, because the evidence showed that the unloading of the trucks may be performed in the usual and proper way in safety without a protective back brace or safety belt, Warren did not evince that Allsup was under a duty to furnish the protective instrumentality. *St. Louis Southwestern Ry. Co. v. Weatherly,* 2 S.W.2d 555, 558–58 (Tex.Civ. App.—Texarkana 1928, no writ). Absent a duty to furnish Warren a back brace or safety belt, Allsup could not be guilty of negligence for failing to do so. *Triplex Communications, Inc. v. Riley,* 900 S.W.2d at 720.

With respect to Warren's claim that Allsup was negligent in failing to provide a loading dock, it was undisputed that there was no room at either convenience store for a loading dock. The only evidence bearing on the comparison of a loading dock at another store with Allsup's stores was adduced by Warren's counsel's questioning of McDonald who, after testifying that he had worked at Buddies Food, a supermarket in Plainview, was asked and replied as follows:

Q   Did it have a dock?

A   Yeah, at the back.

Q   Who was their grocery supplier?

A   Fleming.

   \*     \*     \*     \*     \*     \*

Q   They delivered by semi-truck?

A   Yes, sir.

Q   Just like Affiliated Foods?

A   That's right.

Q   Did they use unicarts or were they hand-stacked?

A   I don't really know. . . .

Q   Do you recall if at Buddies the goods off of a semi-truck would be unloaded onto the dock and then into the back of the store?

A   I don't recall. I believe I recall seeing unicarts, I think so.

Q   Okay. In your opinion do you think the use of unicarts is safer than the use of hand-stacked loads (like the unloading of Affiliated trucks at Allsup)?

A   No, I don't believe so. I have handled them both.

Q   Is it easier to get items off of a truck and into the store in unicarts?

A   I don't think it's any easier, I think its's —— I just —— I don't like unicarts because I think unicarts are dangerous.

No other meaningful evidence concerning a loading dock was offered.

This evidence does not raise the issue whether Allsup failed to provide Warren a safe place to work because of the absence of a loading dock. The fact that a supermarket in another town had a loading dock does not, standing alone, establish that Allsup had a duty to provide a loading dock at its convenience stores, nor that Allsup was negligent for not providing a loading dock. That the convenience stores were an unsafe place to work may not be presumed from Warren's injuries; there must be proof that the absence of a loading dock was negligence, *Jones v. Nafco Oil and Gas, Inc.,* 380 S.W.2d at 574, which is lacking in this record.

Because the evidence failed to show that Allsup was negligent in any manner alleged by Warren, Allsup was entitled to have its motion for an instructed verdict granted. We, therefore, sustain Allsup's first point of error, which pretermits an address of its other points. Tex.R.App. P. 90(a).

Accordingly, the judgment is reversed and judgment is hereby rendered that Warren take nothing by her action against Allsup.