NO. 07-02-0082-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

OCTOBER 14, 2003

______________________________

MARTIN L. SCHNEIDER, M.D., P.A. AND DIANA K. WISE,

Appellants

v.

ELOISE HAWS, 

Appellee

_________________________________

FROM THE 108TH
 DISTRICT COURT OF POTTER COUNTY;

NO. 85,387-E; HON. ABE LOPEZ, PRESIDING

_______________________________

Before QUINN and REAVIS, JJ. and BOYD, SJ.
(footnote: 1)
 

DISSENT

Although I agree with the majority that evidence of the appropriate standard of care was legally sufficient to support the trial court’s judgment, in my opinion the evidence was factually insufficient to establish the appropriate standard of care or a breach of the  standard of care as presented in issues two and four.  Accordingly, I respectfully dissent.

Among other contentions, Haws argues that even if no medical expert testimony was presented, the general negligence standard of care would apply.  However, because Haws elected to submit her case on a medical malpractice theory, she is limited to that same theory on appeal.  Mitchell Energy Corp. v. Bartlett, 958 S.W.2d 430, 444 (Tex.App.--Fort Worth 1997, pet. denied); 
see also 
Davis v. Campbell, 572 S.W.2d 660, 662 (Tex. 1978) (holding that parties are restricted on appeal to theory on which the case was tried).

The mere occurrence of an event causing injury does not constitute evidence of negligence.  Allsup’s Convenience Stores v. Warren, 934 S.W.2d 433, 436 (Tex.App.--
Amarillo 1996, writ denied).  Where, as here, the pleadings assert a medical malpractice cause of action, as a threshold requirement, a plaintiff must prove the applicable standard of care by expert testimony.  
See
 Johnson v. Berg, 848 S.W.2d 345, 348 (Tex.App.--Amarillo 1993, no writ).  Further, causation may not be established by guess, conjecture, or speculation and expert testimony must be legally and factually sufficient to enable the jury to avoid guessing or speculating on its answers.  Sisters of St. Joseph of Texas v. Cheek, 61 S.W.3d 32, 37 (Tex.App.--Amarillo 2001, pet. denied).

 Because the general negligence standard of care is not controlling and the “mode or form of treatment” applicable here is not a matter of common knowledge within the experience of laymen, expert medical testimony is required to provide evidence by which the trier of fact may determine whether the standard of care was breached.  Hood v. Phillips, 554 S.W.2d 160, 165 (Tex. 1977); s
ee also 
Denton Regional Medical Center v. LaCroix, 947 S.W.2d 941, 951 (Tex.App.--Fort Worth 1997, writ dism. by agt);
 see generally
 American Transitional Care v. Palacios, 46 S.W.3d 873, 876 (Tex. 2001) (holding that expert testimony is required to establish “want of skill and attention”).  Further, cause in fact must be established by a “causal connection between the negligent act and the injury based on reasonable medical probability.”  Hodgkins v. Bryan, 99 S.W.3d 669, 673 (Tex.App.–Houston [14th Dist.] 2003, no pet. h.).

In its analysis, after reviewing the expert testimony presented by Dr. Paschall, Haws’s expert, the majority concludes his testimony constituted no evidence of the applicable standard of care.  However, upon reviewing the testimony of Dr. Dennis, expert for Schneider and Wise, the majority concludes his testimony is legally and factually sufficient to support the judgment.  Although I agree with the analysis of the majority as to the testimony of Dr. Paschall and that the evidence from other sources was legally sufficient, I disagree the evidence is factually sufficient.  

Factual Sufficiency of the Evidence

Issues Two and Four

Per the charge of the court,
(footnote: 2) the jury was required to determine whether the evidence established “the failure to use ordinary care, that is, failing to do that which a clinical audiologist of ordinary prudence would have done under the same or similar circumstances or doing that which a clinical audiologist of ordinary prudence would not have done under the same or similar circumstances.”  In conducting a factual sufficiency analysis, we apply the standards set out in Pool v. Ford Motor Co., 715 S.W.2d 629, 635 (Tex. 1986) and Raw Hide Oil & Gas v. Maxus Exploration, 766 S.W.2d 264, 276 (Tex.App.--Amarillo 1988, writ denied).

Wise testified that after the test was concluded, she assessed Haws’s physical appearance and concluded she did not show any signs of dizziness and was able to “get off of the table, hold herself steady, walk out the door and down the hall.”  She also testified Haws did not use a wheelchair when she entered the office and in response to a question stated, “she did not need to exit in a wheelchair.”  On cross-examination by Haws’s attorney, Dr. Dennis testified in part as follows:

Standard of care is–a general concept. It’s the concept of, under similar circumstances what would other reasonable practitioners have done.  In my opinion, under the same set of circumstances, because of the reasons that I have outlined, reasonable practitioners would have done like Ms. Wise did.  It is usual and prudent to escort a patient to and from the examination room.  And in this particular case, I did not see any circumstances that would indicate that measures beyond that were necessary or required. 

The term “escort” has multiple definitions, including to guide, protect, or pay honor.  Webster’s II New Riverside University Dictionary 443 (1984).  At trial however, Dr. Dennis did not explain his definition of the term “escort” for these purposes.  Even though his comment that “reasonable practitioners would have done like Ms. Wise did” could be considered as his definition of the standard of care by example, his testimony lacked specificity and the jury could only guess or speculate as to whether the term “escort” was used to mean escort as a guide or escort for protection or safety.  As a result, the information provided to the jury was insufficient to enable it to answer the questions without guessing or speculating.

Accordingly, in my opinion, the expert medical evidence is factually insufficient.  I would sustain issues two and four and reverse and remand the cause for a new trial.

Don H. Reavis

    Justice

FOOTNOTES
1:
John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.  Tex. Gov’t Code Ann. §75.002(a)(1) (Vernon Supp. 2003).  

2:
Neither party presented any objections to the charge and none are presented on appeal.