NO. 07-04-0255-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

SEPTEMBER 27, 2005

______________________________

STEVE HAYDEN, D/B/A STEPHEN LIN HAYDEN CONSTRUCTION, APPELLANT

V.

SCOTT TRACTOR & EQUIPMENT CO., INC., APPELLEE

_________________________________

FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;

NO. 89,710-D; HONORABLE DON EMERSON, JUDGE

_______________________________

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION

Appellant Steve Hayden, d/b/a Stephen Lin Hayden Construction, appeals a judgment notwithstanding the verdict in favor of appellee Scott Tractor & Equipment Co., Inc. ordering that he take nothing by his counterclaim and awarding Scott Tractor damages and attorney’s fees.  By two issues, Hayden contends the trial court erred in disregarding the jury’s findings because (1) there was sufficient evidence that Scott Tractor was negligent on the occasion in question, and (2) there was evidence of the market value of the damaged equipment immediately before and after the accident.  We affirm.

Hayden was transporting a backhoe recently purchased from Scott Tractor on a flatbed trailer.  Shortly after leaving Scott Tractor, the trailer detached from his pickup and toppled onto the roadway, damaging the backhoe.

Hayden purchased the flatbed trailer from another Amarillo equipment dealer just prior to obtaining the backhoe from Scott Tractor.  Although he had pulled “many large trailers,” Hayden had never loaded or pulled a backhoe on a trailer, and requested that Robert White, a salesman at Scott Tractor with prior experience loading heavy machinery, load the machine and secure it for transport.  White agreed and informed Hayden he would need to purchase the proper booms and chains to secure the load.

In order to position the machine, White drove the backhoe up two large ramps and onto the rear of the trailer.  During this maneuver, the immense weight of the backhoe caused the rear wheels of Hayden’s pickup to rise off the ground and created a “hinge effect,” allowing the pickup to pivot on its front wheels.  As the backhoe was driven further forward, the trailer leveled off, and the pickup lowered back to the ground.  This movement caused Hayden and his wife some concern; however, White assured the couple that he had experienced this type of movement before and that it was “natural” given the design of the trailer.  White then proceeded to secure the backhoe to the trailer with booms and chains.

Once the backhoe was properly secured, Hayden and his wife left Scott Tractor and merged onto Interstate 40.  Suddenly, the trailer began rocking uncontrollably, causing the rear wheels of Hayden’s pickup to momentarily lose contact with the roadway.  Eventually, the trailer detached from the vehicle and rolled over onto the interstate, damaging both the backhoe and the roadway.  

Immediately following the incident, Hayden stopped payment on the $17,965.85 check he had tendered to Scott Tractor for the purchase price of the backhoe.  Scott Tractor filed a breach of contract action to recover the amount.  In response, Hayden filed a counterclaim for negligence asserting damages for the purchase price of the backhoe and the $869.03 he paid to reimburse the State of Texas for damages to the interstate.  Following a hearing, the trial court granted partial summary judgment in favor of Scott Tractor and submitted Hayden’s counterclaim to a jury.  At the conclusion of the jury trial, Hayden recovered a judgment against Scott Tractor in the amount of $16,946.89.  Scott Tractor then filed a motion to disregard the jury’s finding asserting (1) there was no evidence that Scott Tractor was negligent on the occasion in question, and (2) there was no evidence of the market value of the backhoe immediately before or after the accident.  Concluding there was no evidence of probative force to sustain the verdict, the trial court granted Scott Tractor’s motion notwithstanding the verdict and ordered that they recover the full purchase price of the backhoe in addition to $2,500 in attorney’s fees.

By his first issue, Hayden contends the court erred in granting the motion notwithstanding the verdict because there was sufficient evidence to allow a jury to conclude that Scott Tractor was either negligent in loading the backhoe or negligent in assuring him that the trailer he had purchased was sufficient for the purpose of hauling the backhoe.  We disagree.

A trial court may disregard a jury's findings and grant a motion for judgment notwithstanding the verdict only when there is no evidence upon which the jury could have made its findings. 
See
 Mancorp, Inc. v. Culpepper, 802 S.W.2d 226, 227 (Tex. 1990).  In other words, a court may render a judgment notwithstanding the verdict if a directed verdict would have been proper. 
See
 Tex. R. Civ. P. 301; Fort Bend County Drainage Dist. v. Sbrusch, 818 S.W.2d 392, 394 (Tex.1991).

In reviewing a judgment notwithstanding the verdict, we must determine whether there is any evidence upon which the jury could have made its finding.  We review the record in the light most favorable to the finding, considering only the evidence and inferences that support the finding and rejecting any evidence and inferences to the contrary.  
See
 Brown v. Bank of Galveston, N.A., 963 S.W.2d 511, 513 (Tex. 1998).  If more than a scintilla of evidence supports the finding, the jury’s verdict must be upheld.  Wal-Mart Stores, Inc. v. Miller, 102 S.W.3d 706, 709 (Tex. 2003).  More than a scintilla of evidence exists when the evidence enables reasonable minds to differ in their conclusions.  
See
 Tarrant Regional Water Dist. v. Gragg, 151 S.W.3d 546, 552 (Tex. 2004).  However, evidence that creates only a mere surmise or suspicion is no more than a scintilla and, thus no evidence.  Ford Motor Co. v. Ridgway, 135 S.W.3d 598, 601 (Tex. 2004).  
See also
 Williams v. Gaines, 943 S.W.2d 185, 193 (Tex.App.–Amarillo 1997, writ denied) (holding that “[p]robative evidence . . . must be more than a surmise or suspicion”).

In the present case, the only evidence presented regarding Scott Tractor’s negligence was the testimony of Hayden and his wife Kathleen.  Hayden testified that when the backhoe was driven onto the trailer and his pickup lifted off the ground, he became “real concerned.”  He testified he was concerned as to whether his pickup was heavy enough to handle the load.  When he confronted Robert White with his concerns, White told him “you’ll be fine” and repeatedly assured him, “it wouldn’t be a problem.”  Regarding the cause of the accident, Hayden testified the trailer “began rocking wildly out of control” and caused the rear wheels of his truck to lift off the ground.  He stated, “I guess, that the load of the backhoe caused it to flip and turn loose from the trailer.  It broke the hitch.”  Kathleen testified she too became concerned when the truck lifted during loading and said White assured them it was normal.  She recalled that as they were driving on the interstate, “the trailer started bouncing and swerving, and it just eventually–it just flipped.”

Although this testimony constitutes some evidence that the trailer was behaving abnormally and that the incident resulted in damages, it does not suffice as evidence for a jury finding that Scott Tractor was negligent.  In order for a jury to find negligence, there must be evidence of a duty, a breach of that duty, and damages proximately caused by the breach.  Greater Houston Transp. Co. v. Phillips, 801 S.W.2d 523, 525 (Tex. 1990).  Proximate cause consists of both cause in fact and forseeability.  Doe v. Boys Clubs of Greater Dallas, Inc., 907 S.W.2d 472, 477 (Tex. 1995).  The jury was instructed that proximate cause is “that cause which, in a natural and continuous sequence, produces an event, and without which cause such event would not have occurred.”  They were further instructed that “[i]n order to be a proximate cause, the act or omission complained of must be such that a person using the degree of care required of him would have foreseen that the event, or some similar event, might reasonably result therefrom.” 

 We do not find any evidence of proximate cause in the record which would support a verdict that an act or omission by Scott Tractor or any of its employees resulted in damages to Hayden.  In the absence of probative evidence of proximate cause, a jury is left only to surmise or speculation.  As we have previously held, the mere occurrence of an accident is no evidence of negligence.  
See 
Allsup’s Convenience Stores, Inc. v. Warren, 934 S.W.2d  433, 436 (Tex.App.–Amarillo 1996, writ denied).  Here, considering only the evidence and inferences in the record that tend to support the finding, we fail to find a scintilla of evidence which would support a finding of negligence on behalf of Scott Tractor.  Hayden’s first issue is overruled.  Our disposition of this issue pretermits consideration of Hayden’s remaining issue.  Tex. R. App. P. 47.1.

Accordingly, the judgment of the trial court is affirmed.

Don H. Reavis

     Justice