Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio



# MEMORANDUM OPINION

No. 04-12-00202-CV

John **JURASIN**,
Appellant

v.

**DILLON RESOURCES, INC.** d/b/a Sunset Transportation, Inc.,
Appellee

From the 73rd Judicial District Court, Bexar County, Texas
Trial Court No. 2009-CI-14693
Honorable Barbara Hanson Nellermoe, Judge Presiding

Opinion by:    Marialyn Barnard, Justice

Sitting:       Catherine Stone, Chief Justice
               Karen Angelini, Justice
               Marialyn Barnard, Justice

Delivered and Filed:  November 7, 2012

AFFIRMED

John Jurasin injured his back removing a tarp from a flatbed trailer.  Jurasin sued Dillon Resources, Inc., alleging it breached its duty to provide him with a safe workplace and with the equipment necessary to safely perform his job.  The trial court granted a no-evidence motion for summary judgment in Dillon's favor which we affirm.

## BACKGROUND

Jurasin, an experienced truck driver, applied to work as a driver for Sunset Transportation, Inc. Jurasin drove flatbed trailers which Sunset employees pre-loaded and covered with tarps. After Jurasin arrived at a delivery destination, he would remove the tarps to enable other workers to access and unload the materials being delivered. Most of the tarps used by Sunset did not have handles, and Jurasin complained about the absence of the handles on two occasions to the Sunset supervisor overseeing the loading of the flatbed trailers.

Jurasin was injured while removing a tarp which did not have handles. The tarp was wet from rain as was the ground, and Jurasin slipped while removing the tarp, causing him to twist and injure his back. Jurasin sued, naming Dillon Resources, Inc. d/b/a Sunset Transportation, Inc. as his employer. In his petition, Jurasin alleged that he was working for Sunset which was operated by Dillon Resources. In his deposition, Jurasin stated that both companies' names were on his paychecks, and he heard that Dillon Resources was a staff leasing company.[1]

Dillon Resources moved for a traditional and no-evidence summary judgment. In its no-evidence motion, Dillon Resources asserted that no evidence exists that it owed a duty to Jurasin, that it breached any duty Jurasin alleged that it owed him, or that any damages were proximately caused to Jurasin by any such breach. The trial court granted the no-evidence motion.

## DISCUSSION

Because Dillon Resources is a workers' compensation non-subscriber, Jurasin was required to establish negligence by Dillon Resources to recover on his claim. *Werner v. Colwell*,

---

[1] If a staff leasing company does not elect to obtain workers' compensation insurance, both the license holder and the client company can be considered co-employers. TEX. LAB. CODE ANN. § 91.042(d) (West Supp. 2012); *Port Elevator-Brownsville, L.L.C. v. Casados*, 358 S.W.3d 238, 242 (Tex. 2012) (noting employee may have more than one employer within the meaning of the Texas Workers' Compensation Act); *Texas Workers' Compensation Ins. Fund v. Del Indus., Inc.*, 35 S.W.3d 591, 594 (Tex. 2000) ("But if the staff leasing company does not elect to obtain workers' compensation insurance, both the staff leasing company and the client company must notify the Texas Workers' Compensation Commission and are subject to common law suits without the benefit of certain defenses.")

909 S.W.2d 866, 868 (Tex. 1995). "The mere occurrence of an event causing injury is not evidence of negligence." *Allsup's Convenience Stores, Inc. v. Warren*, 934 S.W.2d 433, 436 (Tex. App.—Amarillo 1996, writ denied); *see also Hang On II, Inc. v. Tuckey*, 978 S.W.2d 281, 284 (Tex. App.—Fort Worth 1998, no pet.) ("The mere occurrence of an injury at work, without more, is not probative evidence that Tuckey's harm occurred as a result of Hang–On's negligence."). "In order to establish negligence, evidence must be produced to establish a duty, a breach of that duty, and damages proximately caused by the breach." *Werner*, 909 S.W.2d at 869.

The existence of a duty is a question of law. *Nabors Drilling U.S.A., Inc. v. Escoto*, 288 S.W.3d 401, 404 (Tex. 2009). "Employers are not insurers of their employees." *Kroger Co. v. Elwood*, 197 S.W.3d 793, 795 (Tex. 2006). "In the employment context, an employer has a duty to 'warn an employee of the hazards of employment and provide needed safety equipment.'" *Nabors Drilling U.S.A., Inc.*, 288 S.W.3d at 412 (quoting *Jack in the Box, Inc. v. Skiles*, 221 S.W.3d 566, 568 (Tex. 2007)). "However, the employer 'owes no duty to warn of hazards that are commonly known or already appreciated by the employee.'" *Id.* An employer also has no duty to provide equipment that is unnecessary to a job's safe performance. *Kroger Co.*, 197 S.W.3d at 795. "And, when an employee's injury results from performing the same character of work that employees in that position have always done, an employer is not liable if there is no evidence that the work is unusually precarious." *Id.*

In this case, Jurasin admitted in his deposition that he was aware of the hazard of removing tarps without handles; therefore, the hazard was already appreciated by him. *See Nabors Drilling U.S.A., Inc.*, 288 S.W.3d at 412. As a result, Dillon Resources did not have a duty to warn Jurasin of that hazard. *Id.*

Moreover, no evidence was introduced to establish that tarps with handles are "commonly used in, or had been established by industry standards or customs as a safety measure for," removing tarps from flatbed trailers, "or that a reasonably prudent employer would have provided such instrumentality." *Allsup's Convenience Stores, Inc.*, 934 S.W.2d at 438. "Nor was there any medical evidence that" a tarp with handles "would have prevented the injuries sustained by" Jurasin. *Id.* Instead, removing tarps was a task performed regularly by Sunset drivers, and no evidence was presented to show that removing tarps was an unusually dangerous job. *See Brookshire Groc. Co. v. Goss*, 262 S.W.3d 793, 795 (Tex. 2008) (citing *Kroger Co.*, 197 S.W.3d at 795). In addition, no evidence was presented to show that other drivers sustained similar injuries. *See id.*

Under the facts presented in this case, we hold Dillon Resources had no duty to warn Jurasin of the hazard of removing a tarp without handles, and no evidence was presented to show that tarps with handles were equipment necessary for the safe performance of Jurasin's job. Instead, the evidence showed that Jurasin's injury resulted from performing the same character of work that employees in that position have always done.

### CONCLUSION

The trial court's judgment is affirmed.

Marialyn Barnard, Justice